IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.   Case No. 23-cr-425-WJ

VICTOR QUINTANA-RODRIGUEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER
### DISMISSING *PRO SE* MOTION FOR SENTENCE REDUCTION
### and
### DENYING REQUEST FOR APPOINTMENT OF COUNSEL

**THIS MATTER** comes before the Court upon Defendant's *pro se*[1] Motion for a Sentence Reduction (**Doc. 51**). After reviewing the brief and applicable law, the Court finds it lacks jurisdiction to modify Mr. Quintana-Rodriguez's sentence. His request for a sentence reduction is **DISMISSED without prejudice** and his request for appointment of counsel is **DENIED**.

### BACKGROUND

Mr. Quintana-Rodriguez was charged by criminal complaint (**Doc. 1**) with conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. On April 4, 2023, the United States filed an Information (**Doc. 30**) charging him with the same offense. On the same day, Mr. Quintana-Rodriguez waived his right to be charged by Indictment (**Doc. 31**), consented to prosecution by Information, and entered into a plea agreement (**Doc. 33**). This Rule 11(c)(1)(B) plea agreement specifically recommended various reductions. *Id.* **at 5–6; Doc. 36**.

---

[1] The Court construes Mr. Quintana-Rodriguez's *pro se* pleadings "liberally," however, the Court does not act as his advocate. *United States v. Griffith*, 928 F.3d 855, 864 n.1 (10th Cir. 2019).

1

Prior to sentencing, Probation issued a Presentence Investigation Report ("PSR") which noted the Defendant's Guideline imprisonment range was 135–168 months based on a "total offense level of 31 and a criminal history category of III." **Doc. 37 at ¶¶ 77–78**. The minimum term of imprisonment for the offense was five years. *Id.* **at ¶ 77**.

At the sentencing hearing, the Government argued for 87–108 months incarceration (**Doc. 36 at 1**) while Defendant argued for a below the guidelines sentence (**Doc. 43 at 2**). Ultimately, the Court varied downward and imposed a sentence of 78 months imprisonment (**Doc. 49**).

On April 9, 2024, Defendant filed the instant motion seeking a sentence reduction under Amendment 821. *See* 18 U.S.C. § 3582(c)(2); USSG § 1B1.10; 28 U.S.C. § 994(o).

## DISCUSSION

**I. Defendant is Ineligible for a Sentence Reduction**

Retroactive Amendments to the guidelines require the Court to engage in a two-step inquiry. *United States v. Hald*, 8 F.4th 932, 944 (10th Cir. 2021). In step one, the Court must determine if a defendant is eligible for a sentence reduction. In step two, the Court must consider the Section 3553(a) factors and decide if the reduction is warranted. *See United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013); *United States v. McGee*, 615 F.3d 1287, 1292 (10th Cir. 2010).

Relevant here are the changes in criminal history calculations following the passage and implementation of Amendment 821. In Part A of Amendment 821, the Commission altered the "status points" provision. *See* USSG § 4A1.1(e). Under Part B of Amendment 821, § 4C1.1(a) now provides a two-offense-level reduction for offenders who present with zero criminal history points *if* the offender satisfies ten prerequisites for eligibility. *See* USSG § 4C1.1(a)(1)–(10).

Mr. Quintana-Rodriguez's PSR indicates he had a criminal history score of five—resulting in a criminal history category of III (**Doc. 37 at ¶¶ 33–39**). Under the old Guidelines, as well as the new, he has a criminal history score of five. There has been no retroactive change in his criminal history category calculation. USSG § 4A1.1(d), (e). Although Mr. Quintana-Rodriguez claims to be "a first time offender," **Doc. 51 at 2**, the Court concludes otherwise.

Alternatively, or perhaps additionally, Mr. Quintana-Rodriguez seeks a reduction based on being a "zero point[]" offender (**Doc. 51 at 2**). USSG § 4C1.1. But for the same reasons above, he is also ineligible under this provision due to prior convictions resulting in criminal history points. *See* USSG § 4C1.1(a)(1). In short, although Amendment 821 provides for a two-level reduction for "*Certain* Zero-Point Offenders," Mr. Quintana-Rodriguez is not one of them.

The Court's conclusion that Mr. Quintana-Rodriguez is ineligible for a sentence reduction is fatal to its subject matter jurisdiction. *United States v. Rodriguez-Dimas*, 651 F. App'x 819, 821 (10th Cir. 2016) (unpublished). And because the Court lacks jurisdiction to adjudicate this motion, there is no need to discuss the Section 3553(a) factors. Accordingly, Defendant's motion must be dismissed. *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

**II. Request for Appointment of Counsel**

In his boilerplate motion, Mr. Quintana-Rodriguez requested representation from the Federal Public Defender's ("FPD") office (**Doc. 51 at 2**) to assist him with his Amendment 821 motion. The Court understands Defendant's request, but there is no right to counsel in Section 3582(c)(2) proceedings. *See United States v. Hemmelgarn*, 15 F.4th 1027, 1032 (10th Cir. 2021) ("No right to counsel extends to a § 3582(c)(2) motion.") (citation omitted).

It is also worth noting that, consistent with Administrative Order 23-mc-00004-22, the FPD's office reviewed (**Doc. 52**) Mr. Quintana-Rodriguez's *pro se* filing as a request for a sentence

3

reduction under Guideline Amendment 821. Ultimately, the FPD declined to file a motion on his behalf. Thus, Mr. Quintana-Rodriquez's request for counsel—that is, the FPD's assistance in crafting his Amendment 821 motion—is moot.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's *pro se* Motion (**Doc. 51**) for a sentence reduction is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**IT IS ALSO ORDERED** that Defendant's request for appointment of counsel (**Doc. 51**) is **DENIED as MOOT**.

The sentence imposed (**Doc. 49**) on November 9, 2023, remains in effect. And once again, the Court strongly recommends that Immigration and Customs Enforcement begin removal proceedings during service of Defendant's sentence. If the Defendant is deported, said term of supervised release shall be unsupervised. If the Defendant is not deported, said term of supervised release shall be supervised. The Defendant must comply with the mandatory and standard conditions of supervision.

/s/
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**